Affirmed and Plurality Memorandum Opinion filed November 15, 2007








Affirmed
and Plurality Memorandum Opinion filed November 15, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00971-CV

_______________

 

JEANENNE LOEWE, INDIVIDUALLY, and

D/B/A/ THE ELITE SALON OF 1960, Appellant

 

V.

 

TRAMMELL CROW COMPANY and

TRAMMELL CROW HOUSTON, LTD., Appellees

                                                                                                         
                                      

On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2005-46499-A

                                                                                                                    
                           

 

P L U R A L I T Y  M E M O R A N D U M   O P I N I O N

 

In this lease dispute, Jeanenne
Loewe, individually, and d/b/a The Elite Salon of 1960 appeals a take-nothing
summary judgment granted in favor of Trammell Crow Company and Trammell Crow
Houston, Ltd. (collectively, ATrammell Crow@) on numerous grounds.  We affirm.

 








                                                                   Background

Trammell Crow was the leasing agent
for the Commons at Willowbrook shopping center (the Ashopping center@) that was owned by Commons at
Willowbrook, Inc. (AWillowbrook@).  In 1999, Loewe contacted Matthew Keener, a real estate
agent with Trammell Crow, to inquire about leasing a space in the shopping
center in which to open a hair salon.  After discussions with Keener, Loewe
executed a lease (the Alease@) in March of 2000.[1]  After
encountering financial difficulties, Loewe closed her hair salon and vacated
the premises in December of 2004.

As relevant to this appeal, Loewe
filed suit against Trammell Crow in 2005, asserting claims for statutory and
common law fraud and violations of the Real Estate Licensing Act[2]
(ARELA@) and the Deceptive Trade Practices
Act[3]
(ADTPA@); and seeking rescission of the
lease on the ground that it was void as illegal and against public policy.[4] 
Trammell Crow filed a motion for summary judgment (the Amotion@) that asserted no-evidence as to
each element of these claims as well as various traditional summary judgment
grounds.  The trial court granted Trammell Crow=s motion without specifying the basis
on which it was granted.

                                                            Standard
of Review 








A traditional summary judgment must
be granted if the motion and summary judgment evidence show that, except as to
the amount of damages, there is no genuine issue of material fact and the
moving party is entitled to judgment as a matter of law.  Tex. R. Civ. P.
166a(c).  A no‑evidence motion for summary judgment must be granted if:
(1) the moving party asserts that there is no evidence of one or more specified
elements of a claim or defense on which the adverse party would have the burden
of proof at trial; and (2) the respondent produces no summary judgment evidence
raising a genuine issue of material fact on those elements. See Tex. R.
Civ. P. 166a(i).

In reviewing a traditional summary
judgment, we examine the entire record in the light most favorable to the
nonmovant, indulging every reasonable inference and resolving any doubts
against the motion.  Yancy v. United Surgical Partners Int=l, Inc., __ S.W.3d __, __ (2007).  In reviewing
a no‑evidence summary judgment, we apply the same standard, but consider
only the evidence contrary to the motion.  See City of Keller v. Wilson,
168 S.W.3d 802, 825 (Tex.2005).  When, as here, a summary judgment does not
specify the grounds on which it was granted, we will affirm the judgment if any
of the theories advanced in the motion and preserved for appellate review is
meritorious.  Browning v. Prostok, 165 S.W.3d 336, 344 (Tex. 2005).

In this case, because the summary
judgment motions and responses were numerous, lengthy, and convoluted, and
because many of the issues in the briefs do not bear on what is dispositive of
the appeal, we will confine our discussion to the dispositive issues.[5]

                                                        Basis
of Loewe=s Claims








Loewe=s claims are all based on her
allegations that: (1) from 1999 until sometime after she vacated the leased
space in 2004, Loewe had believed that Keener was representing her interests in
their discussions concerning her lease; (2) the RELA required Keener to
disclose to Loewe that he represented the landlord, Willowbrook, in the
transaction,[6] but Keener
did not disclose to Loewe that he represented Willowbrook or that he did not
represent Loewe; (3) the RELA required Keener to provide Loewe a further
written notice of general information about real estate agency relationships
(an Aagency disclosure notice@), but Loewe was never provided any
such written notice;[7] (4) Trammell
Crow was not licensed to conduct real estate transactions in Texas; (5) by
acting as a real estate broker without a license, failing to disclose the
agency relationship, and failing to provide the agency disclosure notice, all
in violation of the RELA, Keener and Trammell Crow concealed a material fact,
violated the DTPA, and caused the lease to be void as illegal and against
public policy; (6) Loewe would not have continued the discussions with Keener
or entered into the lease without her own agent if she had known that Keener
was representing only the interests of the landlord; and (7) the unfavorable
lease terms that Loewe agreed to because her interests had not been represented
by an agent caused the failure of Loewe=s hair salon business and, thus, the
loss of the funds that Loewe had expended in the venture, including the cost of
the leasehold improvements.

                                                  License
and Rescission Claims

In support of her claim that Trammell
Crow was not licensed as a real estate agent, Loewe relies on pages printed
from the Texas Real Estate Commission=s website that were attached to her
summary judgment response, objected to by Trammell Crow as hearsay, and 
stricken by the trial court.  Loewe=s brief incorrectly refers to these
exhibits as Aletters from the TREC regarding the failure of Appellees to have licenses@ and does not address the merits of
Trammell Crow=s hearsay objection at all.  In addition, these pages do not
affirmatively show that Trammell Crow was not licensed but only that the
website search on the names entered did not find a licensee.








Moreover, Loewe=s contention that Trammell Crow was
unlicensed pertains only to her claim that the lease was a void agreement that
was subject to rescission.  However, because Trammell Crow was not a party to
the lease, it is not apparent how the license issue and the claim for
rescission of the lease could be material to any theory of recovery by Loewe
against Trammell Crow.  Therefore, we overrule Loewe=s third, fourth, and seventh issues
to the extent they challenge the trial court=s striking of the exhibits containing
the website printout and the summary judgment entered against Loewe=s claims for rescission.

                                                        Fraud
and DTPA Claims

Trammell Crow=s motion for summary judgment
asserted, as relevant to our disposition, that: (1)  Loewe=s DTPA claim was barred by the
exemption for professional service; and (2) on Loewe=s statutory and common law fraud
claims, there was no evidence that Trammell Crow made a false representation to
Loewe for the purpose of inducing her to enter into a real estate contract.

The DTPA does not apply to a claim
for damages based on the rendering of professional service, the essence of
which is the providing of advice, judgment, opinion, or similar professional
skill.[8]  See
Tex. Bus. & Com. Code Ann. ' 17.49(c).  However, this exemption does not apply to: (1) an
express misrepresentation of fact that cannot be characterized as advice,
judgment, or opinion; or (2) a failure to disclose information concerning goods
or services, which was known at the time of the transaction, if such failure to
disclose was intended to induce the consumer into a transaction the consumer
would not have entered into had the information been disclosed.  Id. '' 17.49(c), 17.46(b)(24).

In responding to Trammell Crow=s summary judgment contention
asserting the professional service exemption, Loewe=s summary judgment response did not
contend that Trammell Crow had made an affirmative misrepresentation, but only
that it had concealed unspecified material facts.  However, this portion of
Loewe=s response did not contend, or
identify evidence showing, that any fact had been concealed for the purpose
of inducing Loewe to enter into a transaction.








Similarly, Loewe=s claims for statutory and common law
fraud each required evidence that Trammell Crow made a false statement with an
intent to induce Loewe to act upon it.  See Tex. Bus. & Com. Code
Ann. ' 27.01(a)(1)(A) (Vernon 2002); Johnson
v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 211 (Tex. 2002).  Again,
however, Loewe=s brief has cited, and we have found, no portion of any of her summary
judgment responses where she contended, or identified any evidence that,
Trammell Crow made any false statement or concealed any material fact with an
intent to induce Loewe to act upon it.[9]  Therefore,
we overrule Loewe=s challenges to the summary judgment entered against her
claims for fraud and DTPA violations.  Because Loewe=s remaining challenges do not bear on
our grounds for affirming the trial court=s judgment, we do not address them. 
The judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman              

Senior Justice

 

Judgment rendered and Plurality
Memorandum Opinion filed November 15, 2007.

Panel consists of Justices Yates,
Seymore, and Edelman. (Yates, J., and Seymore, J., concurring without an
opinion.)*









[1]           Thereafter, Loewe executed three lease
amendments, effective in June of 2000, October of 2001, and October of 2003,
respectively.





[2]           See Tex. Occ. Code Ann. '' 1101.001-.806 (Vernon 2004 & Supp. 2007). 
Although the RELA has been recodified since the operative facts of this case
occurred, we will cite to the current version of statutes where differences
from the preceding versions are not material to our disposition. 





[3]           See Tex. Bus. & Com. Code Ann. '' 17.01-.854 (Vernon 2002 & Supp. 2007).





[4]           Loewe has not assigned error to the
take-nothing summary judgment entered against her claims for negligence,
negligent misrepresentation, negligence per se, tortious interference,
declaratory judgment, or breach of fiduciary duty.





[5]           See Tex. R. App. P. 47.1 (requiring
a court of appeals opinion to be as brief as practicable but to address every
issue raised that is necessary to the final disposition).





[6]           See Tex. Occ. Code Ann. ' 1101.558(b)(1).





[7]           See id. ' 1101.558(c), (d).  Although not material to our
disposition, this written disclosure merely provides general information
concerning agency relationships in real estate transactions, but provides no
information about the agency relationship in any particular transaction.





[8]           Loewe does not contest that the services
she allegedly sought from Trammell Crow were professional for this purpose.





[9]           Although Loewe=s affidavit, attached to her summary judgment
response, states that Keener told her that the price and other terms of her
lease were the best that could be obtained in the area and similar to what
other shopping centers in the area were charging, her summary judgment
responses did not reference this statement in her affidavit.  Instead, the
responses relied upon the alleged non-disclosures concerning the agency
relationship and the alleged lack of licensing to support the claims for fraud
and DTPA violations.





*           Senior Justice Richard H. Edelman sitting
by assignment.